PER' CURIAM.
The Florida State Board of Medical Examiners entered an order revoking the right of Charles Clarence James, Jr., M.D., to practice medicine in the State of Florida. -This decision was reviewed on certiorari in the circuit court where it was held that the Board departed from the essential requirements of law in revoking the doctor’s license. This appeal is from the judgment on certiorari in the circuit court. At the outset it is well to point out the limited scope of appellate review. See Morris v. City of Hialeah, Fla.App. 1962, 140 So.2d 615 and cases cited therein. De-Groot v. Sheffield, Fla.1957, 95 So.2d 912; Townsend Fruit Company v. Mayo, Fla.App.1957, 98 So.2d 345.
The trial judge quashed the order of the Florida State Board of Medical Examiners and remanded the cause to the Board for further proceedings.[1] We need to consider only one ground of several upon which the trial judge relied in reaching his determination. This ground was a holding that the order of the Medical Board was illegally entered without supporting evidence. The Medical Board ruled that because the doctor had failed or refused to attend the scheduled hearing, no evidence was necessary.
The facts relevant to this point are that á hearing was scheduled at which the ap-pellee failed or refused to appear. Thereupon the Board after waiting approximately one hour, entered the order revoking appellee’s license to practice medicine without taking any evidence to support the charge. The circuit judge'found as follows :
“To recapitulate quickly, this man is authorized a hearing. There was a hearing, but no opportunity for cross examination of witnesses or argument through counsel. This is a penal proceeding. It deprives a man of his property rights and he is entitled to due process of law. There must be some evidence upon which a conviction, to use that term, will stand, even if the man isn’t there and the Board *817 is not authorized to use its own information as a basis for it So, there has been a complete failure to follow the statute and the applicable statutes in referring to any hearing. The Board is simply relying on the fact that the man never filed an answer and I don’t see any provision for that. And he did not come to the hearing, which, within itself, simply does not authorize the taking of a property right under the cases in Florida.”
The appellant’s reliance on Hime v. Florida Real Estate Commission, Fla.1952, 61 So.2d 182, is not well-founded because the statute therein involved expressly defined the word “default” as including the defendant’s failure to respond to the Real Estate Commission’s charges. Furthermore, the information unlike the complaint against Dr. James, expressly gave notice that a default would be entered for failure to respond. In the instant case the failure to respond cannot be considered as admitting guilt of the charges against him.
Affirmed.

. In Ms oral pronouncement which was reduced to writing and approved by the trial judge, he stated as follows: “There is a lot of discussion about whether it being certiorari under a statute, whether you simply return it with directions to proceed in a manner consistent with the statute, to take testimony, to make findings, et cetera, whether you make the writ absolute or not. I do not know, but I will figure out what language to put in there, but what I am saying is there is a complete lack of testimony and hearing. Therefore, it would-be returned for the Board to first advise James of the ruling, as required by 120, on his motion, petition or request in regard to due process, in regard to the sufficiency of the charge and then to proceed to give notice of hearing within the time prescribed by law and to-conduct a hearing within the purview of tire applicable statutes. That basically is what the order will read.”