JOANOS, Chief Judge.
Joseph Anthony Giordano has appealed from a default final administrative order of the Department of Banking and Finance, requiring him to cease and desist selling securities without a license, and imposing a $5000 fine. We affirm, but do not by this opinion intend any ruling on the merits of Giordano’s motion to vacate the final order, over which the Department was deprived of jurisdiction by the filing of the notice of appeal with this court. See Department of Environmental Regulation v. Puckett Oil Co., Inc., 577 So.2d 988, 991 (Fla. 1st DCA 1991).
On December 20, 1990, Giordano was served with an administrative complaint charging the sale of securities without a license. The complaint proposed to enter a cease and desist order, and impose a fine not to exceed $5000 for each violation. The complaint also specifically provided that Giordano had 21 days in which to request a hearing on the complaint, set forth the procedure for making that request, and stated, “FAILURE OF A RESPONDENT TO FILE A REQUEST FOR A HEARING WITHIN 21-DAYS AFTER RECEIPT OF THIS NOTICE SHALL CONSTITUTE A WAIVER OF THAT RESPONDENT’S RIGHT TO REQUEST A HEARING ON ANY MATTER SET FORTH IN THE FOREGOING AND A FINAL ORDER WILL BE ENTERED” (capitalization in original).
Giordano never responded to the complaint. On January 23, 1991, 34 days after service of the complaint, the Department entered the instant default final cease and desist order, and imposed a $5000 fine. On February 21, 1991, 29 days after entry of the default final order, Giordano filed with the Department a motion to vacate that order.[1] However, because he filed his notice of appeal the next day, the agency was deprived of jurisdiction to consider the motion, Puckett, and it could not be considered on its merits prior to this appeal.
Giordano argues first that the instant order must be reversed in that it was entered without a showing of competent, substantial evidence to support the allegations of the complaint, citing Florida State Board of Medical Examiners v. James, *714 175 So.2d 815 (Fla. 3d DCA 1965). However, we do not find James controlling. First of all, it was decided prior to the implementation of the Administrative Procedures Act. Rule 3-7.009(2), Florida Administrative Code, clearly provides that the failure to timely petition for an administrative hearing shall constitute a waiver of the right to such hearing, and the Department may then enter a final order imposing penalties or take action without holding a hearing.
More importantly, James involved the entry of an administrative default order based on respondent’s failure to appear, without notice to the respondent that a result of such a failure could be default. The court held only that, given the absence of such notice, the failure to appear could not be considered an admission of the charges so that a license could be revoked without a hearing. James at 817. In the instant case, the administrative complaint informed Giordano, consistently with Rule 3-7.009(2), that the failure to timely request a hearing constituted a waiver of the right to do so, and that a final order would be entered. Giordano does not contend otherwise. Therefore, we find no error in the failure to hold an evidentiary proceeding on the allegations of the complaint pri- or to entry of the final order herein.
Giordano next contends that, under Puckett, an agency cannot enter a final order based on the failure to respond without first finding itself prejudiced thereby, or without consideration of reasons for not complying with the time limitation for response. In Puckett, this court reversed a summary final order awarding attorney’s fees, entered after the hearing officer refused to consider a response filed four days late. It found that language in a rule to the effect that a pleading “shall” be filed within a specified time did not make such period jurisdictional, with the hearing officer retaining the discretion to extend the time. It further found that a hearing officer had no authority to strike an untimely response as a sanction.
However, the court specified that it was not implying that, under appropriate circumstances, a respondent might not be presumed to have waived its right to respond, i.e., “if it is clearly established that a party has received notice informing him or her of the requirement of taking certain action within a specified period of time, and such party delays for a protracted length of time in taking the required action, we consider that the party may be deemed to have waived his or her right to so act.” The court did note that such waiver must be clearly demonstrated by the agency seeking its benefit. Puckett at 993.
In applying this principle to administrative rules which “liken a party’s inaction in the face of notice clearly requiring action within a specified time to default under appropriate circumstances,” the court cited a rule of the Florida Commission on Human Relations to that effect. It noted that that agency had determined that the rule would not be enforced against a respondent who had failed to file an answer in the absence of any demonstration of prejudice to the petitioner, or without consideration of any evidence of reasons for not complying with the rule. Noting the slight delay involved in filing the response (4 days), and the absence of a showing that the late response prejudiced the moving party, the Puckett court “fail[ed] to find the existence of any valid ground for applying waiver.” Puckett at 994.
However, the rules formulated in Puckett were applied to a situation where a response, albeit late, was eventually filed. See also Hamilton County Board of County Commissioners v. Department of Environmental Regulation, 587 So.2d 1378 (Fla. 1st DCA 1991) (error to strike exceptions to recommended order filed one day late without considering the argument that the late filing was due to excusable neglect, without notice of the intent to strike, and without determining that a waiver of the right to respond had occurred).
The Puckett court itself emphasized this circumstance, holding that when “no response whatsoever has been filed, the agency obviously has the right ... to conclude that a party has waived his or her *715 right to respond, and to thereafter enter a summary final order.... In the instant case, however, [the agency] did file a responsive pleading, albeit four days late.” Puckett at 992 (emphasis supplied). In our case, “no response whatsoever” was filed. Under Puckett, the Department therefore “obviously” had the right to conclude that Giordano had waived his right to respond, and to thereafter enter a summary final order. Puckett at 992.
However, we are not unmindful of Puckett ’s admonition, noted above, that “[w]aiver ... must be clearly demonstrated by the agency claiming the benefit.” Puckett at 993, citing Henry v. Department of Administration, 431 So.2d 677, 680 (Fla. 1st DCA 1983). Further, this is not a case where the respondent made no attempt to explain his failure to file. As previously noted, on the 29th day after receipt of the default final order, Giordano filed with the Department a motion to vacate. However, it was impossible for the Department to consider that motion, given the filing of the notice of appeal on the 30th day as required by the appellate rules for jurisdiction to vest in this court.
Therefore, given the complete failure to file a response to the complaint, we cannot hold that the Department erred in entering the order herein without considering Gior-dano’s reasons for his failure to file a response. However, nothing herein should be interpreted as barring Giordano from filing, or the agency from considering, a similar motion after the entry of this opinion. An adverse decision by the agency on any such motion may then be appealed to this court, as set forth in our order of May 21, 1991.
Affirmed.
SMITH and WIGGINTON, JJ., concur.

. The motion to vacate does not appear in our record, and Giordano’s motion to supplement the record therewith was denied by this court by order of May 21, 1991. However, a copy of the motion to vacate was attached to the motion to supplement, and for purposes of continuity of this opinion, we note only that it alleges excusable neglect in the failure to file a response to the administrative complaint.