963 So.2d 799 (2007)
Philip Jerome ALEONG, D.V.M., Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 4D06-1298.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Rehearing Denied September 28, 2007.
*800 Bradford J. Beilly of Bradford J. Beilly, P.A., Fort Lauderdale, and Robert I. Barrar of the Law Offices of Ellis Rubin and Robert I. Barrar, Miami, for appellant.
Charles F. Tunnicliff and Jessica Leigh, Tallahassee, for appellee.
COLBATH, JEFFREY, Associate Judge.
Dr. Philip Jerome Aleong, D.V.M., timely appeals an order of the Board of Veterinary Medicine ("Board"), which granted the Department of Business and Professional Regulation's ("Department") Motion for Waiver of Rights, filed after Dr. Aleong failed to timely request a hearing to dispute the Department's allegations of inadequate recordkeeping, and imposed a sanction. The subject order is affirmed in part and reversed in part.
Florida Administrative Code Rule 28-106.111 (2007), provides in relevant part:
28-106.111. Point of Entry into Proceedings and Mediation.
. . . .
(2) Unless otherwise provided by law, persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision.

(3) An agency may, for good cause shown, grant a request for an extension of time for filing an initial pleading. Requests for extension of time must be filed with the agency prior to the applicable deadline. Such requests for extensions of time shall contain a certificate that the moving party has consulted with all other parties, if any, concerning the extension and that the agency and any other parties agree to or oppose the extension. A timely request for extension of time shall toll the running of the time period for filing a petition until the request is acted upon.

*801 (4) Any person who receives written notice of an agency decision and who fails to file a written request for a hearing within 21 days waives the right to request a hearing on such matters. This provision does not eliminate the availability of equitable tolling as a defense. (emphasis added).[[1]]
It is undisputed that Dr. Aleong failed to file a petition for hearing within twenty-one days of receipt of the Department's complaint. It is also undisputed that Dr. Aleong's failure to timely request a hearing was a result of his attorney's mistake in not properly calendaring the date by which Dr. Aleong's petition should have been filed. Dr. Aleong argues in his appeal that the doctrines of equitable tolling and excusable neglect apply and operate to relieve him of the consequences of his failure to timely file his petition.
The doctrine of equitable tolling is generally applied when a plaintiff has been "misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." Machules v. Dep't of Admin., 523 So.2d 1132, 1134 (Fla.1988). Three of Florida's district courts have held that the untimely filing of a request for hearing by counsel is not an "extraordinary" circumstance which warrants the application of the doctrine of equitable tolling. See Envtl. Res. Assocs. of Fla., Inc. v. State, Dep't of Gen. Servs., 624 So.2d 330 (Fla. 1st DCA 1993); Cann v. Dep't of Children & Family Servs., 813 So.2d 237 (Fla. 2d DCA 2002); Williams v. Albertson's, Inc., 879 So.2d 657 (Fla. 5th DCA 2004). This court agrees, and holds that, in the instant case, the failure of Dr. Aleong's counsel to timely file a petition for hearing did not amount to an extraordinary circumstance; accordingly, the doctrine of equitable tolling does not apply and does not serve to relieve Dr. Aleong of the consequences of the untimeliness of his petition.
Moving on to Dr. Aleong's assertion that the doctrine of excusable neglect relieves him of the waiver of his right to a hearing, we agree with the Second and Third Districts that excusable neglect is not available in proceedings held under chapter 120, Florida Statutes. See Cann, 813 So.2d at 239; Patz v. Dep't of Health, 864 So.2d 79 (Fla. 3d DCA 2003). The 1998 amendment to Florida Statutes section 120.569(2) added language requiring the dismissal of an untimely-filed petition. However, the amended statute does not eliminate the availability of the defense of equitable tolling. As explained, Dr. Aleong has not shown that the doctrine of equitable tolling applies. Accordingly, we are left with the mandatory language of section 120.569(2), which requires the dismissal of Dr. Aleong's untimely petition.
Dr. Aleong further argues that the Board erred when it imposed upon him a sanction greater than that provided for in the disciplinary guidelines set forth in Florida Administrative Code Rule 61G18-30.001, without including written findings of aggravating circumstances in its order to justify the increased penalty. Pursuant to Florida Statutes section 455.2273, the Board was required to include in its order imposing sanctions written findings as to the aggravating circumstances which were the basis for its deviation from the recommended guidelines penalty. See Marrero v. Dep't of Prof'l Regulation, Bd. of Psychological Exam'rs, 622 So.2d 1109 (Fla. 1st DCA 1993). As the penalties set forth in the subject order are greater than what is provided for in the disciplinary guidelines, and because the Board did not include in its order written findings of aggravating circumstances to justify such a *802 deviation from the guidelines, the Board erred in imposing upon Dr. Aleong the increased penalties.
We have considered the additional claims raised by Aleong, but find no error beyond that addressed in this opinion. Based upon the above, the order of the Board is affirmed to the extent that it determined that Dr. Aleong's failure to timely file his request for an administrative hearing operated as a waiver of his right to such a hearing, and to the extent that it rejected Dr. Aleong's claim that the doctrines of equitable tolling and excusable neglect relieved him of the consequences of his untimely request for a hearing. The Board's order is reversed to the extent that it imposed a penalty greater than that provided for in the disciplinary guidelines, and the matter is remanded for the Board to either impose a penalty within the guidelines or to make written findings which support the imposition of a harsher penalty.
Affirmed in part, Reversed in part, and Remanded.
STONE and TAYLOR, JJ., concur.
NOTES
[1] Rule 28-106.111 was amended during the pendency of this appeal.