16 So.3d 190 (2009)
Philip Jerome ALEONG, D.V.M., Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 4D08-1624.
District Court of Appeal of Florida, Fourth District.
August 5, 2009.
Rehearing Denied September 15, 2009.
*191 Bradford J. Beilly and John Strohsahl of Bradford J. Beilly, P.A., Fort Lauderdale, for appellant.
Patricia Nelson, Tallahassee, for appellee.
POLEN, J.
Appellant, Philip Jerome Aleong, D.V.M., appeals the State of Florida Board of Veterinary Medicine's amended final order imposing heightened sanctions. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(C)(2008); § 120.68, Fla. Stat. (2003).
On November 1, 2005, Appellee, the Department of Business and Professional Regulation (DBPR), filed an administrative complaint against equine veterinarian Dr. Philip Jerome Aleong. The complaint alleged that Aleong treated the horse "Slice and Dice" for a leg abscess on August 28, 29, 30, and 31, 2003, and that the medical records concerning such treatment were incomplete. Specifically, the complaint alleged the records (1) lacked a clinical assessment prior to beginning treatment; (2) failed to document the doctor's findings and clinical assessment of the horse; (3) failed to provide examination findings and progress assessments; and (4) failed to provide progress assessment or physical examination findings concerning the horse after treatment was completed. According to the complaint, such deficiencies were a violation of Florida Administrative Code Rules and subjected Aleong to disciplinary action under section 474.214(1)(ee), Florida Statutes (2000), for "[f]ailing to keep contemporaneous written medical records as required by the rules of the board." Fla. Admin. Code Ann. R. 61G18-18.002(3), 61G18-18.002(4) (2004).
The Board determined that Aleong was not entitled to a hearing due to his failure to file an Election of Rights form within twenty-one (21) days of his receipt of the *192 DBPR's complaint as required by Florida Administrative Code Rule 28-106.111 (2004). Accordingly, the Board adopted the allegations made in the complaint. As sanctions, the Board fined Aleong $3,000, suspended his veterinary license for thirty days, ordered him to take and pass the Florida Laws and Rules Examination for Veterinarians, ordered him to take five hours of continuing education, and ordered him to pay costs. Aleong appealed to this court.
This court upheld the Board's determination that Aleong had waived his right to a hearing because he failed to comply with the 21-day filing requirement found in Florida Administrative Code Rule 28-106.111, and held that requirement had not been tolled by either excusable neglect or equitable tolling. Aleong v. Dep't of Bus. and Prof. Reg., 963 So.2d 799, 801 (Fla. 4th DCA 2007). We reversed the Board's initial final order because it imposed sanctions which exceeded those allowed for in the applicable statute without providing written findings justifying the departure. This court remanded the case to the Board and ordered it to "either impose a penalty within the guidelines or to make written findings which support the imposition of a harsher penalty." Id. at 802.
In response to this court's opinion, the DBPR filed a motion to amend the final order, and the Board held a hearing. During the hearing, counsel for Aleong argued to the Board that it had two options given the procedural history: (1) impose the normal fine and penalty, or (2) determine based on the previous record whether there was basis for an exacerbated penalty and make the requisite findings. One board member stated that he had reviewed the notes from the previous hearing and felt that the original increased penalty should be maintained because there were sufficient aggravating factors and the standard penalties were not enough. The Board agreed and two weeks later entered an amended final order in which it made the following findings of fact:
1. Aleong had two prior actions against his license in 2001 and 2003.
2. One of the prior violations was for the same issue as the present case: failing to keep accurate medical records as required by section 474.214(1)(ee), Fla. Stat., and Rule 61G18-18.002, Fla. Admin. Code.
3. Aleong had admitted on the record that he had failed to timely comply with the Final Order in a case which had come before the Board six months prior to the instant case.
4. Aleong was on probation when the instant case came before the Board.
5. Aleong was not "getting the message" that he was required to comply with the regulations.
Aleong argues that the Board erred in making findings of fact regarding the aggravating circumstances which were not supported by competent substantial evidence. The DBPR replies that the findings were supported by the record, and thus, must be upheld.
Florida Administrative Code Rule 61G18-30.001(4) (2004), establishes the mitigating and aggravating circumstances which the Board shall consider in deciding the appropriate sanctions:
(a) The danger to the public;
(b) The length of time since the violation;
(c) The number of times the licensee has been previously disciplined by the Board;
(d) The length of time licensee has practiced;
(e) The actual damage, physical or otherwise, caused by the violation;

*193 (f) The deterrent affect [sic] of the penalty imposed;
(g) The affect [sic] of the penalty upon the licensee's livelihood;
(h) Any effort of rehabilitation by the licensee;
(i) The actual knowledge of the licensee pertaining to the violation;
(j) Attempts by licensee to correct or stop violation or refusal by licensee to correct or stop violation;
(k) Related violations against licensee in another state including findings of guilt or innocence, penalties imposed and penalties served;
(l) Actual negligence of the licensee pertaining to any violation;
(m) Penalties imposed for related offenses under subsections (1), (2) and (3) above;
(n) Pecuniary benefit or self-gain enuring to licensee;
(o) Any other relevant mitigating or aggravating factors under the circumstances.
Aleong argues, in part, that the Board erred in finding that he was on probation at the time the present case came before the Board. The DBPR concedes that Aleong was not on probation when he came before the Board for the current charges, but argues that the fact of his previous probation is relevant because one of the enumerated aggravating factors is the deterrent effect of the penalty imposed. Fla. Admin. Code Ann. R. 61G18-30.001(f) (2004). Because the finding is false, it is not supported by competent substantial evidence, and the Board erred in making such a finding. However, the Board is correct in its contention that it could properly find that Aleong was previously on probation and could use this finding to impose sanctions. Therefore, we affirm the Board's decision to impose the same sanctions it had before, but remand for the Board to correct finding number four.
Affirmed in part, reversed in part, and remanded.
FARMER and GERBER, JJ., concur.