ROTHENBERG, J.
 

 Eduardo Albert Diaz (“Diaz”) appeals a final order issued by the Florida Real Estate Appraisal Board (“Board”) revoking his license to practice as a state certified residential real estate appraiser in the State of Florida. We reverse and remand for an informal hearing.
 

 After conducting an investigation, the Florida Department of Business and Professional Regulation, Division of Real Estate (“the Division”), which provides the Board with recordkeeping, examination, legal, and investigative services, issued, and on April 23, 2009, served Diaz with a nine-count complaint, alleging he had manipulated sales data inflating the value of a particular parcel of real property. The complaint advised Diaz that he had twenty-one days to file an “Election of Rights” form or other responsive pleading and that the failure to do so would result in the Division’s request for an informal hearing and the entry of a final order that could result in the suspension or revocation of Diaz’s residential real estate appraiser license. Attached to the complaint was an Explanation of Rights and Election of Rights form.
 

 When Diaz failed to respond to the administrative complaint, the Division requested and was granted an informal hearing pursuant to section 120.57(2), Florida Statutes (2008). On May 21, 2008, the Division sent Diaz a Notice of Hearing informing him that an informal hearing had been scheduled for June 2, 2008, in Orlando, Florida.
 

 In a letter dated May 29, 2008, counsel for Diaz provided an executed Election of Rights form and requested a continuance of the hearing. As scheduled, the Board convened on June 2, 2008, although neither Diaz nor his counsel were present. The Board ultimately denied Diaz’s request for a continuance; granted the Division’s motion to consider the case by way of an informal hearing; and after conducting the informal hearing, issued a final order revoking Diaz’s license.
 

 Diaz’s appeal raises two issues: (1) whether the denial of his continuance was an abuse of discretion; and (2) whether the Board properly used an informal administrative hearing procedure to address the allegations raised in the complaint. Because the Division does not object to a remand by this Court for the Board to conduct a new informal hearing to allow Diaz’s presence, we address only the second issue raised by Diaz in this appeal.
 

 Section 120.57(1), Florida Statutes (2008), governs formal administrative hearings, and section 120.57(2) governs informal administrative hearings. If a party wants a formal administrative hearing he/ she must timely request one. Rule 28-106.111(2) of the Florida Administrative Code provides that “persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision.” “Any person who receives written notice of an agency decision and who fails to file a written request for a hearing within 21 days waives the right to request a hearing on such matters.” Fla. Admin. Code R. 28-106.111(4).
 

 Because Diaz does not dispute that he was served with the administrative complaint on April 23, 2009, and he did not request a formal hearing within twenty-one days as required by rule 28-106.111(2), we conclude that he has waived his right to a formal administrative hearing.
 
 See Patz
 
 
 *921
 

 v. Fla. Dep’t of Health,
 
 864 So.2d 79, 79-80 (Fla. 3d DCA 2003) (holding that because Patz did not file an Election of Rights form or otherwise request a formal hearing within the twenty-one day period, he waived his right to an administrative hearing);
 
 see also Aleong v. Fla. Dep’t. of Bus. & Prof'l Regulation,
 
 963 So.2d 799, 801-02 (Fla. 4th DCA 2007) (upholding the Board of Veterinary Medicine’s order granting the Department of Business and Professional Regulation’s Motion for Waiver of Rights filed after Dr. Aleong failed to timely request a hearing to dispute the Department’s allegations, relying on Florida Administrative Code Rule 28-106.111(2007)). Although we have concluded that Diaz waived his right to a formal administrative hearing, based on the Division’s statement in its answer brief that it has no objection to this Court remanding the case for an informal hearing to allow Diaz to appear in person, we reverse the order under review and remand for an informal hearing.
 

 Reversed and remanded.