MARSTILLER, J.
Appellant, Donald A. Wojnowski, Jr., challenges a final order of the Florida Office of Financial Regulation (“OFR”) denying his application for registration as an associated person of a securities dealer.[1] OFR based the denial on the fact that Appellant was the subject of a Financial Industry Regulatory Authority (“FINRA”) arbitration award finding that Appellant sold unregistered securities in violation of section 517.07, Florida Statutes, and committed securities fraud in violation of Section 517.301, Florida Statutes. Appellant argues that OFR cannot “rely on the clearly erroneous and unsubstantiated findings of a single arbitrator” to deny his application for registration. We conclude that the arbitration award satisfies the requirements of section 517.161(1), Florida Statutes (2011), which authorizes OFR to deny registration to one who has been the subject of a national securities association decision involving a violation of state securities law. Accordingly, we affirm the order on appeal.
In May 2011, OFR received a “Form U-4” submitted by Appellant requesting registration in Florida as an associated person of Meyers Associates, L.P., a New York securities firm. Based on information contained in the application form, OFR determined that Appellant was one of seven named respondents in a 2010 FINRA arbitration resulting in the following decision and award:
Respondents ... Wojnowski [et al.] ... are liable on all of the claims asserted by Claimants, as follows: (1) as to misrepresentation, Respondents are in violation of Florida Statute § 517.301; (2) as to violation of [chapter] 517, Respondents sold unregulated securities in violation of § 517.07; (3) as to breach of fiduciary . duty, Respondents violated FINRA Rule 2310, and breached their fiduciary duty by not using due diligence and by selling Claimants unsuitable securities; and, (4) as to failure to supervise, Respondents breached FINRA Rule 3010 by the failure to properly supervise.
The claimants were awarded $100,000 in compensatory damages, and $40,000 in punitive damages, for which all seven respondents were jointly and severally liable. The circuit court for the Fifteenth Judicial Circuit in Palm Beach County, Florida, subsequently rendered a final judgment confirming the arbitration award.
On October 7, 2011, OFR issued and served on Appellant notice of its intent to deny the application for registration. The notice referred to the FINRA arbitration decision and the judgment confirming the award as grounds for denial. As authority for the denial, the notice cited inter alia, section 517.161(l)(m), Florida Statutes. The notice further advised Appellant of his right to request an administrative hearing within 21 days after receiving the notice to challenge the agency’s intended action. When Appellant failed to submit a timely, legally sufficient petition for hearing[2]— and he does not argue otherwise on appeal — OFR entered a final order denying Appellant’s application for registration on the grounds set forth in the notice of intent to deny.
*191 Appellant argues that the FINRA arbitration award is based on “erroneous and unsubstantiated” findings, and therefore, cannot serve as grounds for denying his registration application. However, when Appellant failed to timely seek an administrative hearing to challenge the facts supporting OFR’s intended action, he waived any further opportunity to do so. See Diaz v. Dep’t of Bus. & Prof l Reg., 21 So.3d 919, 920 (Fla. 3d DCA 2009); Fla. Admin. Code R. 28-106.111(4). Consequently, on appeal, he may only argue that the agency’s conclusions of law based on the facts are incorrect.[3]
Section 517.161(l)(m), Florida Statutes (2011), permits OFR to deny registration to an applicant who:
Has been the subject of any decision, finding, injunction, suspension, prohibition, revocation, denial, judgment, or administrative order by any court of competent jurisdiction, administrative law judge, or by any state or federal agency, national securities, commodities, or option exchange, or national securities, commodities, or option association, involving a violation of any federal or state securities or commodities law or any rule or regulation promulgated thereunder, or any rule or regulation of any national securities, commodities, or options exchange or national securities, commodities, or options association....
Under this provision, OFR could deny Appellant’s application for registration if (1) he has been the subject of any decision, (2) by a court, administrative law judge, federal agency, national securities exchange, or national securities association, (3) involving a violation of state securities law. OFR concluded that Appellant “has been found by a national securities association ... to have violated provisions of Chapter 517, Florida Statutes, specifically Section 517.301 and 517.07, Florida Statutes, which [is] grounds for denial pursuant to [section] 517.161(l)(m), Florida Statutes.”
We find no error in this conclusion. The FINRA arbitration award constitutes the type of “decision” contemplated by the statute. Appellant clearly was the subject of such decision, having been a named respondent in the arbitration and found liable to the claimants for damages. Further, FINRA is a non-governmental independent entity through which member firms within the securities industry in the United States self-regulate.[4] OFR thus defining FINRA as a “national securities association” is not clearly erroneous. See State Bd. of Admin. v. Huberty, 46 So.3d 1144, 1146 (Fla. 1st DCA 2010) (appellate court defers to agency’s interpretation of statute it administers unless such interpretation is clearly erroneous). Finally, the arbitration award found that Appellant violated section 517.07, Florida Statutes, by selling unregistered securities, and violated section 517.301, Florida Statutes, by misrepresenting information in the course of securities transaction. Thus, the FIN-RA arbitration award satisfies the requirements of section 517.161(l)(m), and OFR appropriately relied on it to deny Appellant’s registration application.
AFFIRMED.
THOMAS and WETHERELL, JJ„ concur.

. See § 517.021(2), Fla. Stat. (2012) (defining "associated person”); § 517.12, Fla. Stat. (2012) (setting out procedure to apply for registration).

. Appellant submitted a letter dated October 17, 2011, requesting an administrative hearing. However, because the request did not conform to the requirements for hearing petitions under Florida Administrative Code Rules 28-106.201(2) or 28-106.301(2), OFR gave Appellant an additional 21 days to submit an amended petition. Appellant failed to do so.

. We review agency conclusions of law de novo. See § 120.68(7), Fla. Stat. (2012); Moreland v. Agency for Persons With Disabilities, 19 So.3d 1009, 1011 (Fla. 1st DCA 2009).

. See Financial Industry Regulatory Authority, http://www.finra.org/AboutPINRAI (last accessed August 24, 2012).