BENTON, J.
Trisha’s One Stop, Inc. appeals a final order of the Office of Financial Regulation that imposed a fine of $15,000 and revoked its license to operate a “money services business” pursuant to Chapter 560, Part III, Florida Statutes (2010). We affirm the final order.
Proceedings below began when the Office of Financial Regulation filed an administrative complaint that alleged multiple violations of Chapter 560[1] and proposed to *287 enter a final order “imposing an administrative fíne of $15,000, the entry of a Cease and Desist Order, and taking any other appropriate action against Respondent’s license issued pursuant to Chapter 560.” See §§ 560.114, 560.1285, 560.810, Fla. Stat. (2010); Fla. Admin. Code R. 69V-560.704. The administrative complaint gave clear notice of a point of entry, stating that failure to respond within twenty-one days of receipt would be deemed a waiver of all rights to a hearing “and Final Order will be entered without further notice.”
Trisha’s One Stop failed to file a petition for hearing in response to the administrative complaint, which it received by certified mail on December 5, 2012. Accordingly, on January 25, 2013, the final order under review was entered without a hearing. As the basis for administrative action, the final order incorporated the facts alleged in the complaint by reference, and adopted them as the facts supporting the agency’s action. The Office of Financial Regulation ordered Trisha’s One Stop to pay a $15,000 fine and revoked its license.
The cases are clear that “[w]hen a party waives the right to challenge the factual allegations of an administrative complaint, ... the facts of the complaint are deemed to be admitted.” Nicks v. Dep’t of Bus. & Prof’l Regulation, 957 So.2d 65, 67 n. 1 (Fla. 5th DCA 2007). Because Trisha’s One Stop failed to file a petition for a hearing in response to the administrative complaint within the time allowed, the facts alleged in the complaint were deemed the facts of the case. See Fla. Admin. Code R. 28-106.111(2) & (4); Wojnowski v. State, Office of Fin. Regulation, 98 So.3d 189, 191 (Fla. 1st DCA 2012) (holding that when Wojnowski “failed to timely seek an administrative hearing to challenge the facts supporting OFR’s intended action, he waived any further opportunity to do so,” citing Florida Administrative Code Rule 28-106.111(4)); Diaz v. State, Dep’t of Bus. & Prof’l Regulation, 21 So.3d 919, 920 (Fla. 3d DCA 2009) (holding that any person who receives written notice of an agency decision that does or may determine substantial interests and who fails to file a written request for a hearing within 21 days waives the right to request a hearing, quoting Florida Administrative Code Rule 28-106.111(4)); Aleong v. Fla. Dep’t of Bus. & Prof’l Regulation, 963 So.2d 799, 801-02 (Fla. 4th DCA 2007) (upholding the Board of Veterinary Medicine’s order granting the Department’s Motion for Waiver of Rights filed after Dr. Aleong failed to make a timely request for a hearing to dispute the Department’s allegations, relying on Florida Administrative Code Rule 28-106.111); Autoworld of Am. Corp. v. Dep’t of Highway Safety, 754 So.2d 76, 77 (Fla. 3d DCA 2000) (“In order to challenge the factual basis of the complaint, it would have been necessary for Autoworld to request a formal hearing under subsection 120.57(1).”). Trisha’s One Stop’s failure to request a hearing was a “green light” for the agency to decide the case on the basis of the facts alleged in the complaint, and to impose any appropriate penalty.
Trisha’s One Stop’s reliance on Scott v. Department of Professional Regulation, *288 603 So.2d 519 (Fla. 1st DCA 1992), is misplaced.[2] There we did say that Ms. Scott’s failure to appear or respond did not relieve the Department of its obligation to substantiate the charges against her,[3] citing Florida State Board of Medical Examiners v. James, 175 So.2d 815 (Fla. 3d DCA 1965). But, as we noted in Giordano v. Department of Banking & Finance, 596 So.2d 712, 714 (Fla. 1st DCA 1992), James “was decided prior to the implementation of the Administrative Procedures Act” and “involved the entry of an administrative default order based on respondent’s failure to appear, without notice to the respondent that a result of such a failure could be default.”[4] The Scott court itself clarified on rehearing that the decision did not require the Department to convene a section 120.57(1) hearing “in such circumstances” — i.e., when a licensee does not “respond to the» complaint against her.” Scott, 603 So.2d at 520.
In the present case, the administrative complaint alleged four distinct violations, advised Trisha’s One Stop that section 560.114(7), Florida Statutes, authorized imposition of a fine of up to $10,000 per violation and suspension or revocation of a license, and that “the Office will enter a FINAL ORDER imposing any statutory penalties authorized by Chapter 560, Florida Statutes, which may include revocation or suspension of Respondent’s license as a money services business in this state and imposition of an administrative fine.” This is not a case where the agency relied on facts not pleaded in the complaint. The administrative complaint also notified Trisha’s One Stop that failure to respond within twenty-one days of receipt of the administrative complaint “shall be deemed a waiver of all rights to a hearing, and Final Order will be entered without further notice.” Despite this, Trisha’s One Stop failed to file a timely petition for a hearing, and so forfeited its right to an evidentiary hearing.[5]
Affirmed.
PADOVANO and RAY, JJ., concur.

. The administrative complaint alleged that an examination of the business records for Trisha’s One Stop, for the period of August 8, 2010 through August 7, 2011, revealed Trisha's One Stop’s failure to: (1) maintain a copy of the photographic identification pre *287 sented by the customer for payment instruments accepted having a face value of $1,000.00 or more; (2) maintain thumbprints of customers who cashed checks in amounts over $1,000.00; (3) have an independent review of its anti-money laundering program; and (4) maintain corporate files on all customers who cashed corporate or third-party payment instruments exceeding $1,000.00. The facts alleged in the administrative complaint are sufficient to establish the alleged violations of Chapter 560 and to justify the penalties imposed.

. Ms. Scott, a registered nurse, challenged an administrative order that suspended her license "after a hearing before the Board of Nursing.” Scott v. Department of Professional Regulation, 603 So.2d 519, 520 (Fla. 1st DCA 1992). She did not appear at the hearing and did not respond otherwise to the complaint against her.

. Because the only evidence presented at the hearing was a hearsay report which would not have been admissible over objection in a civil action, the Scott panel determined there was insufficient evidence to support the findings and reversed the order suspending the license. Id.

. In contrast, the administrative complaint informed Giordano, just as it informed appellant in the present case, that the failure to timely request a hearing constituted a waiver of the right to do so and that a final order would be entered, so that there was "no error in the failure to hold an evidentiary proceeding on the allegations of the complaint prior to entry of the final order.” Giordano v. Dep’t of Banking & Fin., 596 So.2d 712, 714 (Fla. 1st DCA 1992).

.We reject appellant’s argument that the doctrine of equitable tolling applies here. Trisha’s One Stop does not assert it was prevented from filing a petition or misled by the agency into inaction during the twenty-one day period. See, e.g., Riverwood Nursing Ctr., LLC v. Agency for Health Care Admin., 58 So.3d 907, 910 (Fla. 1st DCA 2011) (rejecting claim that the deadline for filing the request for hearing should have been equitably tolled because of representations by AHCA’s counsel made "after' the filing deadline had already expired,” not "before the deadline expired ”).