# First District Court of Appeal
## State of Florida

_____

No. 1D19-1773

_____

LEWIS FOSTER HOMES LLC aka
LEWIS FH LLC, Owned and
Operated by Lewis FH, LLC,

    Appellant,

    v.

AGENCY FOR PERSONS WITH
DISABILITIES,

    Appellee.

_____

On appeal from a final order of the Agency for Persons with Disabilities.
Tom Rankin, Deputy Director of Operations.

October 30, 2019

PER CURIAM.

Appellant, Lewis Foster Homes LLC, appeals a final order entered by Appellee, the Agency for Persons with Disabilities ("Agency"), which revoked its license to operate its facility. Appellant argues on appeal that the final order is not supported by competent, substantial evidence. However, as the Agency contends, because Appellant did not request a hearing to respond to the Agency's complaint, its challenge to the facts alleged in the complaint, which the Agency accepted in its final order, was waived. *See Trisha's One Stop, Inc. v. Office of Fin. Regulation*,

130 So. 3d 285, 287 (Fla. 1st DCA 2014) (explaining that when a party fails to file a petition for a hearing in response to an administrative complaint within the time allotted, the facts alleged in the complaint are deemed the facts of the case and that a party's "failure to request a hearing [is] a 'green light' for [an] agency to decide [a] case on the basis of the facts alleged in the complaint, and to impose any appropriate penalty"); *see also* Fla. Admin. Code R. 28-106.111(2) & (4) (providing that "persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision" and "[a]ny person who receives written notice of an agency decision and who fails to file a written request for a hearing within 21 days waives the right to request a hearing on such matters," respectively); *Wojnowski v. State, Office of Fin. Regulation*, 98 So. 3d 189, 191 (Fla. 1st DCA 2012) (holding that the appellant, by failing to timely seek an administrative hearing to challenge the facts supporting the appellee's intended action, waived any further opportunity to do so); *Aleong v. State, Dep't of Bus. & Prof'l Regulation*, 963 So. 2d 799, 801-02 (Fla. 4th DCA 2007) (upholding the Board of Veterinary Medicine's order granting the Department's Motion for Waiver of Rights filed after the appellant failed to make a timely request for a hearing to dispute the Department's allegations); *Autoworld of Am. Corp. v. Dep't of Highway Safety,* 754 So. 2d 76, 77 (Fla. 3d DCA 2000) ("In order to challenge the factual basis of the complaint, it would have been necessary for Autoworld to request a formal hearing under subsection 120.57(1).").

Accordingly, we affirm the final order.

AFFIRMED.

LEWIS, KELSEY, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Justin R. Infurna, The Infurna Law Firm, Orlando, for Appellant.

Trevor Suter, Senior Attorney, Agency for Persons with Disabilities, Tallahassee, for Appellee.