# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1308
Lower Tribunal Nos. 23-053CF, DCF-23-096-FO

_____


**O.M.,**
Appellant,

vs.

**Department of Children and Families,**
Appellee.



An Appeal from the State of Florida, Department of Children and Families.

Matthew E. Ladd, P.A. and Matthew E. Ladd, for appellant.

Leslie Hinds, Regional Legal Counsel, for appellee.


Before MILLER, GORDO and LOBREE, JJ.

GORDO, J.

Osmollo Miller ("O.M.") appeals a final order of the Department of Children and Families ("DCF") dismissing his petition for an administrative hearing on the grounds of untimely filing. We have jurisdiction.[1] For the reasons that follow, we affirm.

**I.**

In 1996, O.M. entered a plea of nolo contendere to two counts of aggravated assault with a firearm and was placed on probation. After completing his probation, O.M. began full-time employment as "childcare personnel" with the Boys and Girls Clubs of Miami-Dade in 2001.

In 2016, the Legislature amended the employment screening statute and explicitly mandated the disqualification of any "childcare personnel" from employment if they had been convicted of or entered a plea of guilty or nolo contendere to any offense relating to aggravated assault.[2] Following the amendment, DCF conducted a background screening, which revealed that O.M. had entered a plea of nolo contendere to two counts of aggravated assault with a firearm.

In 2022, DCF notified O.M. in writing that he was disqualified from employment based on his plea of nolo contendere in light of the amended

---

[1] See Fla. R. App. P. 9.110(a)(2); § 120.68(1)(a), Fla. Stat.
[2] See § 435.07(4)(c)(1)(d), Fla. Stat.

employment screening statute. In the same notice, DCF informed O.M. of exemptions from disqualification on its website and encouraged him to review the requirements to assess whether he qualified for any exemption. After review, O.M. submitted an application for "an exemption from disqualification."

On February 17, 2023, DCF sent O.M. a written notification determining that no exemption applied to him because aggravated assault with a firearm is a "permanent disqualifying offense" under the amended employment screening statute. Accordingly, DCF closed the exemption request and informed O.M. in the notice of his right to request a hearing within twenty-one days of receipt, emphasizing that failure to do so would waive his right and render the action final.

On February 28, 2023, O.M. received written notification of the denial of his exemption request. On March 10, 2023, O.M. submitted a timely amended request for a hearing, challenging the denial of his exemption and requesting that DCF consider the circumstances surrounding his nolo contendere plea agreement. On April 5, 2023, O.M. supplemented his hearing request, claiming that his inability to maintain employment impacted his substantial interests while acknowledging that he had entered a nolo contendere plea to aggravated assault with a firearm.

3

On April 17, 2023, DCF issued an initial order and notice of hearing procedures, stating that the amended employment screening statute mandates the disqualification of individuals from employment who entered a nolo contendere plea to aggravated assault with a firearm, regardless of any circumstances. The order specified that, because the matter involves a mandatory disqualification under the amended statute and it is undisputed that O.M. entered a nolo contendere plea to aggravated assault with a firearm, no oral hearing would be held. Accordingly, the matter would proceed to an informal hearing.

O.M. timely objected to the initial order and notice of hearing procedures, asserting that an oral hearing was necessary to resolve disputes over material facts related to his nolo contendere plea. Shortly after, on April 25, 2023, O.M. filed another request for a separate hearing, shifting his approach from seeking "an exemption from disqualification" to contesting the "underlying disqualification" itself. DCF issued an order denying O.M.'s objection to the informal hearing and his request for a separate hearing, stating that the "exemption request" and its denial were the only issues before DCF, and there was no pending petition concerning any "underlying disqualification" which necessitated a separate hearing.

4

On May 12, 2023, O.M. voluntarily withdrew his petition challenging the denial of his exemption and filed a new petition requesting a separate hearing to contest the "underlying disqualification," asserting that he was not "guilty" of aggravated assault with a firearm. On May 22, 2023, DCF issued O.M. an order to show cause as to why the new petition should not be dismissed for untimely filing, as it was submitted outside the twenty-one-day period following the February 28, 2023, receipt of the notice informing O.M. of his right to request a hearing. O.M. filed a response, arguing that DCF's decision granted him only the right to file for "an exemption from disqualification" but did not provide an option to contest the "underlying disqualification" itself, thereby establishing a basis for equitable tolling.

DCF issued its final order of dismissal, finding that O.M. failed to show cause, as he had already exercised his administrative rights to request a hearing on an exemption from disqualification and had no legal right to contest the disqualification itself under the amended employment screening statute. This timely appeal followed.

**II.**

"[A]n appellate court reviews the agency's conclusions of law de novo." Wise v. Dep't of Mgmt. Servs., Div. of Ret., 930 So. 2d 867, 871 (Fla. 2d DCA 2006). "An administrative hearing officer's findings of fact may not be

5

disturbed by a reviewing court if those findings are supported by competent, substantial evidence." Bagarotti v. Reemployment Assistance Appeals Comm'n, 208 So. 3d 1197, 1199 (Fla. 3d DCA 2017).

**III.**

O.M. argues his new petition for a separate hearing should not have been dismissed because he had a basis for equitable tolling as DCF misled him into believing he could only apply for "an exemption from disqualification" and did not affirmatively inform him that he could contest the "underlying disqualification" itself.

We start with the basic premise that "[a]ny person who receives written notice of an agency decision and who fails to file a written request for a hearing within 21 days waives the right to request a hearing on such matters." Aleong v. State, Dep't of Bus. & Prof'l Regul., 963 So. 2d 799, 801 (Fla. 4th DCA 2007) (quoting Fla. Admin. Code R. 28-106.111(4)). "This provision does not eliminate the availability of equitable tolling as a defense." Id. "The doctrine of equitable tolling is generally applied when a plaintiff has been 'misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.'" Id. (quoting Machules v. Dep't of Admin., 523 So. 2d 1132, 1134 (Fla.1988)).

6

Here, the amended employment screening statute, in pertinent part, provides that:

> **Disqualification** from employment under this chapter **may not be removed** from, and an **exemption may not be granted** to, any current or prospective **child care personnel** . . . and such a person is disqualified from employment as child care personnel . . . **if the person has** been . . . convicted or found guilty of, or **entered a plea of guilty or nolo contendere to** . . . any offense prohibited under any of the following provisions of state law or a similar law of another jurisdiction:
>
> A felony offense prohibited under any of the following statutes . . .
>
> Section 784.021, relating to aggravated assault.

§ 435.07(4)(c)(1)(d), Fla. Stat. (emphasis added).

The plain and unambiguous language of the statute disqualifies O.M. from receiving an exemption under the uncontested facts here. In other words, because O.M. agrees he is the person who entered a plea of no contest to aggravated assault and the statute does not establish a mechanism for challenging the "underlying disqualification" itself, DCF was not obligated to provide him a separate hearing. The statute simply does not confer such a right.

We also agree with DCF that O.M.'s untimely filed petition without a showing that DCF misled him or that extraordinary circumstances existed,

7

does not trigger application of the doctrine of equitable tolling in this instance. See Aleong, 963 So. 2d at 801 ("Three of Florida's district courts have held that the untimely filing of a request for hearing by counsel is not an 'extraordinary' circumstance which warrants the application of the doctrine of equitable tolling. This court agrees, and holds that, in the instant case, the failure of [the Appellant's] counsel to timely file a petition for hearing did not amount to an extraordinary circumstance; accordingly, the doctrine of equitable tolling does not apply and does not serve to relieve [the Appellant] of the consequences of the untimeliness of his petition."); DMB Inv. Tr. v. Islamorada, Vill. of Islands, 225 So. 3d 312, 317 (Fla. 3d DCA 2017) ("It is a fundamental principle of statutory construction that where the language of a statute is plain and unambiguous there is no occasion for judicial interpretation." (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 454 (Fla. 1992))). Accordingly, we find that DCF properly dismissed O.M.'s new petition due to untimely filing.

## IV.

Relying on Ayala v. Department of Professional Regulation, 478 So. 2d 1116 (Fla. 1st DCA 1985), O.M. further argues due process required DCF to provide him with a separate hearing to contest his "underlying disqualification" and allow him to explain why he entered a nolo contendere

8

plea, as his plea only creates a presumption of guilt but does not establish guilt itself.

We find this argument misplaced. Unlike the statute involved in <u>Ayala</u>, the amended employment screening statute mandates permanent disqualification upon entering a nolo contendere plea, leaving no room to contest "guilt" or maintain "innocence." <u>See</u> § 435.07(4)(c)(1)(d), Fla. Stat. The plain and unambiguous language of the statute specifies that disqualification may not be removed and an exemption may not be granted, to any "childcare personnel" who has been convicted of or entered a plea of guilty or nolo contendere to any offense related to aggravated assault under section 784.021. <u>See</u> <u>id.</u> "Florida courts have [consistently] upheld disqualification from employment based upon convictions occurring before the effective date of chapter 435, Fla. Stat." <u>E.J. v. Dep't of Child. & Fams.</u>, 219 So. 3d 946, 948 (Fla. 3d DCA 2017). As such, regardless of guilt, we find DCF correct in its interpretation of the statute that no exemption may be granted to any "childcare personnel" who entered a nolo contendere plea related to an aggravated assault offense under section 784.021, Florida Statutes.

O.M. implores us to consider that his conviction occurred approximately twenty-eight years ago. He argues he has successfully

worked with the Boys and Girls Clubs of Miami-Dade for approximately 23 years without incident and application of the statute without allowing a challenge to actual innocence in these administrative proceedings violates his due process rights.

While this Court is sympathetic to O.M.'s plight, it is within the Legislature's province to set policy.  It has often been said that "[w]hen the language of an act is clear and unambiguous it is not within the province of the court to sit in judgment upon the wisdom of the legislative policy embodied in it nor to assume that the legislature meant something which does not appear upon the face of the statute."  Platt v. Lanier, 127 So. 2d 912, 913 (Fla. 2d DCA 1961).

Both DCF and this Court are bound to follow the law as written.  See O.I.C.L. v. Dep't of Child. & Fams., 169 So. 3d 1244, 1250 (Fla. 4th DCA 2015) ("While this court is sympathetic to the plight of [the Appellant] . . . the role of the [court] is not to set . . . policy . . . ."); N.L.J. v. Komanski, 527 So. 2d 840, 842 (Fla. 5th DCA 1988) ("[W]e are sympathetic with the [Respondent's] plight and understand his frustration because no option provides a disposition satisfactory to him.  He believes that the department misunderstood the law when selecting the options . . . Nevertheless, the law is clear and must be followed."); McCloud v. State, 260 So. 3d 911, 914 (Fla.

10

2018) ("If the statute is 'clear and unambiguous,' then this Court does not look beyond the plain language or employ the rules of construction to determine legislative intent—it simply applies the law." (quoting <u>Gaulden v. State</u>, 195 So. 3d 1123, 1125 (Fla. 2016))).

There may exist other proceedings by which O.M. may successfully seek the relief he requests, but that is a different issue for a different day.

Accordingly, we affirm the final order under review.

Affirmed.