WOLF, J.
 

 Appellants challenge an administrative order which found that a series of proposed rules promulgated by the Agency for Persons with Disabilities (the Agency), creating a four-tiered system for Medicaid
 
 *1011
 
 waiver benefits, was a valid exercise of delegated legislative authority. We find that the administrative law judge erred in finding the proposed rules are valid because (1) the Agency failed to demonstrate it adopted a valid, reliable assessment instrument; (2) the rules place an age limit on eligibility for Tier 3; and (3) the rules automatically place some former waiver recipients into Tier 4 without an assessment.
 

 Appellants receive benefits under the Medicaid waiver system, which provides home and community-based services for persons with disabilities. Previously, there were two Medicaid waiver programs available in Florida — the Family and Supported Living Waiver (FSL Waiver), which provided a limited number of services with an annual dollar cap, and the Developmental Disabilities Waiver (DD Waiver), which provided a greater number of services without a monetary cap.
 

 In 2007, the Florida Legislature amended section 393.0661, Florida Statutes, and instructed the Agency to develop and implement a comprehensive redesign of the waiver system in order to create a four-tiered system in lieu of the existing waivers. Tiers 2, 3, and 4 each have a different annual monetary cap; thus, the level of services available for each individual is contingent upon the tier into which the individual is placed.
 

 In response, the Agency promulgated Proposed Rules 65G-4.0021, 65G-4.0022, 65G-4.0023, 65G-4.0024, and 65G-4.0025 (the Proposed Rules). Appellants subsequently challenged the Proposed Rules on a number of grounds, including that the rules were invalid pursuant to section 120.52(8)(c), Florida Statutes, which states that a rule is an invalid delegation of legislative authority if it “enlarges, modifies, or contravenes the specific provisions of law implemented.” Following a hearing, the administrative law judge (ALJ) determined the rules were valid.
 

 We review the ALJ’s findings of fact for competent, substantial evidence, and we review the ALJ’s conclusions of law de novo.
 
 See
 
 § 120.68(7), Fla. Stat.;
 
 State Bd. of Trustees v. Day Cruise Ass’n, Inc.,
 
 794 So.2d 696, 701 (Fla. 1st DCA 2001).
 

 First, we find the ALJ erred in determining that Proposed Rule 65G-4.0021 is valid because the Agency failed to demonstrate that it adopted a valid, reliable assessment instrument as required by statute. Section 393.0661 states that in implementing the redesigned waiver system, the Agency
 
 “shall
 
 use an assessment instrument that is reliable and valid.” (Emphasis added). Similarly, section 393.0661(3) states that “[t]he agency
 
 shall
 
 assign all clients ... to a tier based on a valid assessment instrument, client characteristics, and other appropriate assessment methods.” (Emphasis added).
 

 However, the Agency failed to demonstrate it adopted a valid, reliable assessment instrument as required by section 393.0661. Instead, Proposed Rule 65G-4.0021(1) provides that the Agency will assign clients to tiers based on a list of criteria, including “waiver criteria and limitations provided in Chapters 393 and 409, F.S., Rule Chapter 59G-13, F.A.C., and this rule chapter.” Therefore, we reverse the ALJ’s finding that Proposed Rule 65G-4.0021 is valid.
 

 Second, we find the ALJ erred in determining that Proposed Rule 65G-4.0024 is valid because it places an age limit on eligibility for Tier 3 in contravention of the statute which it implements. Section 393.0661(3)(c) provides that “[t]ier three
 
 shall include,
 
 but is not limited to, clients requiring residential placements, clients in independent or supported living
 
 *1012
 
 situations, and clients who live in their family home.” (Emphasis added). However, Proposed Rule 65G-4.0024(1) requires that in order to be eligible for Tier 3, a client must meet one of the following criteria:
 

 (a) The client resides in a licensed residential facility and is not eligible for the Tier One Waiver or the Tier Two Waiver; or
 

 (b) The client is 21 or older, resides in their own home and receives Live-in In-Home Support Services and is not eligible for the Tier One Waiver or the Tier Two Waiver; or
 

 (c) The client is 21 or older and is authorized to receive Personal Care Assistance services at the moderate level of support as defined in the DD Handbook; or
 

 (d) The client is 21 or older and is authorized to receive Skilled or Private Duty Nursing Services and is not eligible for the Tier One Waiver or the Tier Two Waiver; or
 

 (e) The client is 22 or older and is authorized to receive services of a behavior analyst and/or a behavior assistant.
 

 (f) The client is under the age of 22 and authorized to receive the combined services of a behavior analyst and/or a behavior assistant for more than 60 hours per month and is not eligible for the Tier One Waiver or the Tier Two Waiver.
 

 (g) The client is 21 or older and is authorized to receive at least one of the following services:
 

 (i) Occupational Therapy; or
 

 (ii) Physical Therapy; or
 

 (iii) Speech Therapy; or
 

 (iv) Respiratory Therapy.
 

 The ALJ determined that Proposed Rule 65G-4.0024 was valid because the Agency sufficiently justified the age restrictions imposed for Tier 3. However, pursuant to section 120.52(8), a rule is invalid if it contravenes the statute which it implements, regardless of whether the Agency was justified in contravening the statute. By imposing age restrictions on Tier 3, Proposed Rule 65G-4.0024 clearly contravenes the plain language of section 393.0661(3), which requires Tier 3
 
 shall
 
 include clients who require residential placement, clients in individual or supported living situations, and clients who reside in their family home, regardless of age. Therefore, we reverse the ALJ’s finding that Proposed Rule 65G-4.0024 is valid.
 

 Third, we find the ALJ erred in determining Proposed Rule 65G-4.0025 is valid because it contravenes the statute which it implements by requiring all former FSL Waiver recipients be placed into Tier 4. Section 393.0661(3) requires the Agency to “assign
 
 all clients
 
 ” to a tier
 
 “based on
 
 a valid assessment instrument, client characteristics, and other appropriate assessment methods.” (Emphasis added). Proposed Rule 65G-4.0025 states Tier 4 shall include “[cjlients who are currently assigned to receive services through the Family and Supported Living Waiver unless there is a significant change in condition or circumstance.” By requiring all former FSL Waiver recipients be placed into Tier 4 based solely on the fact that they formerly received services through the FSL Waiver, Proposed Rule 65G-4.0025 contravenes section 393.0661(3), which requires the Agency to assign each client to a tier based on an individual assessment. Therefore, we reverse the ALJ’s finding that Proposed Rule 65G-4.0025 is valid.
 

 In summary, we reverse the ALJ’s findings that Proposed Rules 65G-4.0021, 65G-4.0024, and 65G-4.0025 are valid and strike these rules as invalid for contraven
 
 *1013
 
 ing the statute which they implement. We also find it necessary to strike Proposed Rules 65G-4.0022 and 65G-4.0023; although these rules are not invalid individually, the Proposed Rules are so interrelated that these rules cannot stand alone. We affirm the ALJ’s findings on all other issues.
 

 For the foregoing reasons, we reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.
 

 WEBSTER and CLARK, JJ., concur.