LEWIS, J.
J.S., Appellant, challenges a final order of the Administrative Law Judge (“ALJ”) that denied his motion for attorney’s fees, based on the ALJ’s interpretation of section 120.595(4), Florida Statutes (2009). Because the ALJ erred in interpreting section 120.595(4), we reverse and remand for further proceedings.
FACTS
On October 23, 2009, C.M. filed a Petition for Administrative Determination of Invalidity of Agency Statements with the Division of Administrative Hearings as authorized by section 120.56(4), Florida Statutes (2009). In the petition, the petitioner alleged that “APD 04-007,” an agency statement of the Agency for Persons with Disabilities (“APD”), Appellee, constituted an unadopted rule, and that APD improperly used the agency statement to assess the eligibility of individuals for APD services because it was not adopted as a rule through the rulemaking procedures required by section 120.54(l)(a), Florida Statutes (2009). Between the date of filing the petition and February 10, 2010, various individuals and entities that are not parties to this appeal filed petitions to intervene. J.S. also filed a Petition for Leave to Intervene and Petition for Administrative Determination of Invalidity of Agency Rule with the Division of Administrative Hearings.[1] In his petition, J.S. sought a determination that APD’s agency statement was an unadopted rule in violation of section 120.54(l)(a). The ALJ granted all of the petitions to intervene.
*314 On February 19, 2010, APD filed a notice of publication of a proposed rule. In its notice, APD stated that it published a notice of proposed rule in the February 19, 2010, edition of the Florida Administrative Weekly addressing the challenged statements, and that this notice of publication triggered an automatic stay in the proceeding pursuant to section 120.56(4). The ALJ granted the stay and canceled the final hearing. During the stay, on March 18, 2011, APD filed a notice of changing the proposed rule; APD withdrew the proposed rule and substituted it with a different proposed rule. Eventually, APD did not proceed with adopting this proposed rule.
Upon request of the parties, the ALJ lifted the stay and re-scheduled the final hearing. However, the parties filed a joint stipulation agreeing that APD’s agency statement had been in effect since December 29, 2006, and that APD relied upon this agency statement until April 20, 2010. Also, the parties agreed that the agency statement constituted an unadopted rule in violation of section 120.54. As a result of the joint stipulation, C.M. and the interve-nors filed a joint motion for summary final order. The parties requested a summary final order (1) finding that the agency statement was an unadopted rule, (2) directing APD to immediately cease relying on the agency statement as a basis for its actions, and (3) awarding reasonable attorneys’ fees and costs. C.M. and the inter-venors noted that APD conceded that the agency statement was an unadopted rule, but that APD did not agree to their entitlement to attorneys’ fees and costs.
The ALJ canceled the final hearing, and ordered C.M. and the intervenors to file responses regarding their entitlement to attorneys’ fees and costs. The ALJ gave APD twenty days from the date of the responses to file a response identifying any material facts in dispute, any argument regarding the entitlement to fees and costs, and APD’s position regarding the reasonableness of the fees. All of the parties, except J.S., waived their right to attorneys’ fees. J.S. filed a memorandum in support of his entitlement to attorney’s fees and stated that sections 120.595(4)(a) and 120.595(4)(b), Florida Statutes (2009), provided that he was entitled to attorney’s fees. J.S. also filed an affidavit of attorney’s fees, and sought an award of $9,000 in attorney’s fees for thirty-six hours of work on the instant case. J.S. claimed that his attorney worked 15.2 hours before the ALJ granted the automatic stay, 3.3 hours while the automatic stay remained in place, 10.5 hours after the case was rescheduled for hearing, and 7 hours in preparing the memorandum in support of an award of attorney’s fees. APD filed a response to J.S.’s memorandum and argued that many of the hours claimed by J.S. were unreasonable or legally uncom-pensable; however, it did not question J.S.’s entitlement to attorney’s fees.
In the Summary Final Order, the ALJ determined that a reasonable award of attorney’s fees would be 13.2 hours for work performed by J.S.’s attorney prior to APD’s notice of publication of proposed rulemaking, at a rate of $175.00 per hour, for a total of $2,310.00. However, despite this finding, the ALJ concluded, in pertinent part, as follows:
[What is] fatal to [J.S.’s] counsel’s claim for fees is the fact that the statute only allows reasonable fees and costs to the petitioner. It does not authorize fees or costs for intervenors, and absent such authority, no fees ... can be awarded to counsel for J.S. in this case.
The ALJ then concluded as follows:
APD 04-007 is a statement meeting the definition of a rule in section 120.52(16), and has not been adopted as a rule, in *315 violation of section 120.54(l)(a). To the extent that APD continues to rely on APD 04-007, it shall stop doing so. Petitioner’s request for costs and ... J.S.’s request for attorney’s fees are denied.
ANALYSIS
This Court reviews an ALJ’s findings of fact for competent, substantial evidence, while reviewing an ALJ’s conclusions of law de novo. Moreland ex rel. Moreland v. Agency for Persons with Disabilities, 19 So.3d 1009, 1010 (Fla. 1st DCA 2009); see also § 120.68(7), Fla. Stat. (2009); Abbott Labs. v. Mylan Pharms., 15 So.3d 642, 654 (Fla. 1st DCA 2009). “[T]he standard of review of an ALJ’s final administrative order determining an issue of statutory interpretation is de novo.” A. Duda & Sons, Inc. v. St. Johns River Water Mgmt. Dist., 17 So.3d 738, 742 (Fla. 5th DCA 2009) (emphasis omitted).
Section 120.54(l)(a), Florida Statutes (2009), provides that “each agency statement defined as a rule by s. 120.52 shall be adopted by the rulemaking procedure provided by this section as soon as feasible and practicable[,]” unless the agency proves that the agency statement fits within some limited exceptions listed in that subsection that are not applicable here. Section 120.56(4)(a), Florida Statutes (2009), allows “[a]ny person substantially affected by an agency statement” to seek a determination from an ALJ that the statement violates section 120.54(l)(a). Section 120.595(4), Florida Statutes (2009), which authorizes an award of reasonable attorney’s fees and costs in actions brought against an agency pursuant to section 120.56(4), provides as follows:
(4) Challenges to agency action pursuant to section 120.56(4).—
(a) If the appellate court or administrative law judge determines that all or part of an agency statement violates s. 120.54(l)(a), or that the agency must immediately discontinue reliance on the statement and any substantially similar statement pursuant to s. 120.56(4)(e), a judgment or order shall be entered against the agency for reasonable costs and reasonable attorney’s fees, unless the agency demonstrates that the statement is required by the Federal Government to implement or retain a delegated or approved program or to meet a condition to receipt of federal funds.
(b) Upon notification to the administrative law judge provided before the final hearing that the agency has published a notice of rulemaking under s. 120.54(3)(a), such notice shall automatically operate as a stay of proceedings pending rulemaking. The administrative law judge may vacate the stay for good cause shown. A stay of proceedings under this paragraph remains in effect so long as the agency is proceeding expeditiously and in good faith to adopt the statement as a rule. The administrative law judge shall award reasonable costs and reasonable attorney’s fees accrued by the petitioner pri- or to the date the notice was published, unless the agency proves to the administrative law judge that it did not know and should not have known that the statement was an unadopted rule. Attorneys’ fees and costs under this paragraph and paragraph (a) shall be awarded only upon a finding that the agency received notice that the statement may constitute an unadopted rule at least 30 days before a petition under s. 120.56(4) was filed and that the agency failed to publish the required notice of rulemak-ing pursuant to s. 120.54(3) that addresses the statement within that 30-day period. Notice to the agency may be satisfied by its receipt of a copy of the s. 120.56(4) petition, a notice or other paper containing substantially the same information, or a petition filed pursuant to s. 120.54(7). An award of attor *316 ney’s fees as provided by this paragraph may not exceed $50,000.
We note, initially, the challenge to APD’s agency statement was subject to an automatic stay. In a challenge to an agency action under section 120.56(4), paragraph (b) provides that, upon notice to the ALJ before the final hearing that the agency has published a notice of rulemak-ing pursuant to section 120.54(3)(a), such notice shall automatically operate as a stay of the proceedings pending rulemaking. However, paragraph (b) provides that an ALJ may vacate a stay if good cause is shown, and that the stay only “remains in effect so long as the agency is proceeding expeditiously and in good faith to adopt the statement as a rule.” Pursuant to paragraph (b), while the stay is in effect, and the agency adopts the statement as a rule, “[t]he administrative law judge shall award reasonable costs and reasonable attorney’s fees accrued by the petitioner pri- or to the date the notice was published, unless the agency proves to the administrative law judge that it did not know and should not have known that the statement was an unadopted rule.”
Here, APD did not adopt the challenged statement as a rule, and upon the request of the parties, the ALJ lifted the stay and re-scheduled the final hearing. Accordingly, the ALJ properly lifted the stay that was created pursuant to paragraph (b). Pending the final hearing, the parties filed a joint stipulation to the effect that the agency statement met the definition of a rule in section 120.52(16), and because it was not adopted through the rulemaking process, it violated section 120.54(l)(a). Paragraph (a) authorizes an award of attorney’s fees and costs in a challenge to an agency action pursuant to section 120.56(4) where the appellate court or the ALJ “determines that all or part of an agency statement violates s. 120.54(l)(a), or that the agency must immediately discontinue reliance on the statement and any substantially similar statement pursuant to s. 120.56(4)(e)....”
Upon filing the joint stipulation, the ALJ canceled the final hearing. Subsequently, the ALJ entered the Summary Final Order in which the ALJ properly determined that the agency statement met the definition of a rule in section 120.52(16), that because it was not adopted through the rulemaking process, it violated section 120.54(l)(a), and that to the extent APD continued to rely on the agency statement, it must stop doing so. As such, the provisions of paragraph (a), authorizing an award of attorney’s fees, apply to the facts of this case.
J.S. argues that he was not precluded from recovering his attorney’s fees under paragraph (a) on the basis that J.S. was not “the petitioner.” We agree. The plain language of paragraph (a) does not limit the recovery of attorney’s fees to “the petitioner.” Moreover, the attorney’s fees provisions of paragraph (b) that specifically apply to paragraphs (a) and (b) do not preclude an award of attorney’s fees to J.S. on the basis that J.S. is an intervenor. Thus, the ALJ reversibly erred in concluding that section 120.595(4) does not authorize attorney’s fees for intervenors.
Our interpretation of section 120.56(4) is further supported by its Legislative history. The previous version of paragraph (a) included the phrase “to the petitioner” in the attorney’s fees provision. § 120.595(4)(a), Fla. Stat. (2008). However, the Legislature amended paragraph (a) in 2008 and deleted the phrase “to the petitioner” from paragraph (a). Ch. 08-104, § 13 at 1106, Laws of Fla. Upon amending paragraph (a), the Legislature added paragraph (b) to the current version of section 120.595(4), and the Legislature included the phrase “to the petitioner” in one of the attorney’s fees provisions of paragraph (b). See id.; § 120.595(4)(b), *317 Fla. Stat. (2009). Thus, when the Legislature used the phrase “to the petitioner” in one of the attorney’s fees provisions of paragraph (b), but deleted it in paragraph (a) of the same statute, we will not imply it where the Legislature excluded it. See Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995) (“When the legislature has used a term, as it has here, in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded.”). As such, the ALJ had no authority to read into paragraph (a) a requirement not imposed by the Legislature or add words that were deleted by the Legislature. See Germ v. St. Luke’s Hosp. Ass’n, 993 So.2d 576, 578 (Fla. 1st DCA 2008) (“When interpreting a statute, courts look first to the statute’s plain language. If the statute’s plain language is clear and unambiguous, courts should rely on the words used in the statute without involving rules of construction or speculating as to the legislature’s intent. Courts should give statutory language its plain and ordinary meaning and may not add words that were not included by the legislature.”) (citations omitted). Furthermore, as we previously noted, this attorney’s fees provision of paragraph (b) does not apply to the facts of this case.
CONCLUSION
For the foregoing reasons, we conclude that the ALJ reversibly erred in interpreting section 120.595(4). Accordingly, we reverse the final order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
THOMAS, J., concurs and WOLF, J., concurs in result only.

. Florida Administrative Code Rule 28-106.205 (2009) allows "[p]ersons other than the original parties to a pending proceeding whose substantial interest[s] will be affected by the proceeding ... [to] petition the presiding officer for leave to intervene^]” and sets forth the procedures that one must follow to intervene. Under that rule, one must file a petition to intervene, and the petition must conform to Florida Administrative Code Rule 28-106.201(2) (2009), which sets forth the requirements for filing a petition to initiate an administrative hearing.