# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2311
Lower Tribunal Nos. 2015-30307, 2015-30305
_____

**West Flagler Associates, Ltd.,**
Appellant,

vs.

**The Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering,**
Appellee.


An Appeal from the Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering.

The Lockwood Law Firm, John M. Lockwood, Thomas J. Morton and Kala Kelly Shankle (Tallahassee), for appellant.

Jason Maine, General Counsel, and Dwight O. Slater, Chief Appellate Counsel (Tallahassee), for appellee.


Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

West Flagler Associates, Ltd. ("West Flagler") appeals a final order of the Florida Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering ("the Division"), which denied West Flagler's two applications for summer jai alai permits. For the reasons that follow, we affirm, holding that the Division properly construed and applied section 550.0745(1), Florida Statutes (2015).

## BACKGROUND

West Flagler is the owner of a pari-mutuel permit and is one of seven permit holders authorized to conduct pari-mutuel pools on exhibition sports in Miami-Dade County. In 2015, West Flagler filed two separate applications with the Division, each application seeking a new summer jai alai permit pursuant to section 550.0745(1), which provides:

> The owner or operator of a pari-mutuel permit who is authorized by the division to conduct pari-mutuel pools on exhibition sports in any county having five or more such pari-mutuel permits **and whose mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to filing an application under this section has had the smallest play or total pool within the county** may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton in such county during the summer season commencing on May 1 and ending on November 30 of each year on such dates as may be selected by such permittee for the same number of days and performances as are allowed and granted to winter jai alai frontons within such county. **If a permittee who is eligible under**

2

> **this section to convert a permit declines to convert, a new permit is hereby made available in that permittee's county to conduct summer jai alai games as provided by this section**, notwithstanding mileage and permit ratification requirements.

(Emphasis added).

West Flagler's first application for a new summer jai alai permit was based on state fiscal years 2012-13 and 2013-14 ("the First Application"); its second application was based on state fiscal years 2013-14 and 2014-15 ("the Second Application"). In each application, West Flagler took the position that South Florida Racing Association ("SFRA") was the permit holder with the smallest play or total pool for each of the relevant fiscal periods, and thus, that SFRA was eligible to convert its pari-mutuel permit to a summer jai alai permit. West Flagler asserted that, because SFRA declined on each occasion to convert its permit to a summer jai alai permit, section 550.0745(1) required that a new summer jai alai permit be created and made available for each of those two-year periods.

On July 10, 2015, the Division denied both of West Flagler's applications. As to the First Application, the Division concluded that there was no single permit holder with the smallest play or total pool for fiscal years 2012-13 and 2013-14.[1]

---

[1] Based upon its calculations, the Division instead determined that West Flagler was the permit holder with the smallest play or total pool for fiscal year 2012-13, and Summer Jai Alai Partnership was the permit holder with the smallest play or total pool for fiscal year 2013-14. To be entitled to convert a permit, however, the statute requires a permit holder to have had the smallest play or total pool for both of those fiscal periods.

3

As to the Second Application, the Division concluded that Summer Jai Alai Partnership ("SJAP") was the permit holder with the smallest play or total pool for fiscal years 2013-14 and 2014-15, and because SJAP was already the holder of a summer jai alai permit, it was not eligible under the statute to "convert" its existing summer jai alai permit to a "new" summer jai alai permit. Therefore, no new summer jai alai permit was created for those fiscal periods.

West Flagler filed petitions for administrative hearings on each application denial. The petitions were consolidated and referred to the Department of Administrative Hearings.

Two issues of statutory construction were central to the determinations made at the final hearing, held before an Administrative Law Judge: (1) Whether the term "smallest play or total pool," as used in section 550.0745(1), includes only live wagers[2] and intertrack wagers,[3] or whether that term also includes "simulcast export" wagers[4] (i.e., out-of-state wagers); and (2) Whether under section 550.0745(1), a summer jai alai permit holder is eligible to "convert" its existing summer jai alai permit into a "new" summer jai alai permit.

---

[2] Live wagers are those accepted at a permitted Florida facility on a race or game performed live at that facility.

[3] Intertrack wagers are those accepted at a permitted Florida facility on a race or game transmitted from and performed live at, or simulcast rebroadcast from, another permitted Florida facility.

[4] Simulcast export wagers are those accepted at an out-of-state facility on a race or game performed live at a permitted Florida facility.

West Flagler's position was that the statutory term "play or total pool" should be construed to include live wagers and intertrack wagers, but not simulcast export wagers. Applying such a construction, SFRA would have had the smallest play or total pool in Miami-Dade County for the relevant years. Thus, West Flagler contended, because SFRA was eligible to convert its permit but declined to do so, two new summer jai alai permits were available, and West Flagler's applications for each of those permits should have been granted.

By contrast, the Division asserted that the calculation of "play or total pool" does include simulcast export wagers, and that if such wagers were included in the calculation, West Flagler had the smallest play or total pool for the 2012-13 fiscal year, while SJAP had the smallest play or total pool for fiscal years 2013-14 and 2014-15. Thus, as to the First Application (covering fiscal years 2012-13 and 2013-14), there was no permit holder eligible to convert and consequently no new permit was available. For the Second Application, SJAP was the permit holder with the lowest play or total pool for 2013-14 and 2014-15. However, SJAP was already a summer jai alai permit holder, and the Division asserted that one cannot "convert" a summer jai alai permit to a summer jai alai permit, and therefore, no new summer permit was available for that fiscal period either.

After a final hearing, the ALJ issued its recommended order, wherein it concluded, inter alia, that:

5

- Simulcast export wagers should be included in the calculation of which pari-mutuel has the "smallest play or total pool" within the county;

- There was no summer jai alai permit available in Miami-Dade County for the period encompassing fiscal years 2012-13 and 2013-14 because West Flagler had the smallest play or total pool for 2012-13 (including simulcast export wagers) and SJAP had the smallest play or total pool for 2013-14 (including simulcast export wagers);

- SJAP had the smallest play or total pool for the 2013-14 and 2014-15 fiscal years;

- SJAP is already the holder of a summer jai alai permit, so it cannot "convert" that existing permit to a summer jai alai permit and therefore, no new summer jai alai permit was created.

Accordingly, the ALJ recommended that the Division deny both of West Flagler's applications. Thereafter, the Division issued its final order, which approved and adopted the ALJ's findings of fact, and denied each of West Flagler's applications for new summer jai alai permits. This appeal followed.

**ANALYSIS**

"This court reviews an ALJ's findings of fact for competent, substantial evidence, while reviewing an ALJ's conclusions of law de novo." J.S. v. C.M., 135 So. 3d 312, 315 (Fla. 1st DCA 2012). However, the "administrative

6

construction of a statute given by those charged with its enforcement and interpretation is entitled to great weight, and the courts will not depart from such a construction unless it is clearly erroneous or unreasonable." West Flagler Assoc., Ltd. v. Dep. of Bus. & Reg., 139 So. 3d 419, 421 (Fla. 1st DCA 2014).

There are two conclusions of law, based upon the ALJ's and the Division's statutory construction of section 550.0745(1), which we must review in this appeal: (1) whether the calculation of a pari-mutuel facility's "play or total pool" includes simulcast export wagers (i.e., out-of-state wagers); and (2) whether an existing summer jai alai permit holder is eligible to "convert" its existing summer jai alai permit to a new summer jai alai permit.[5]

### Issue #1:  Does the calculation of a pari-mutuel facility's "play or total pool" include simulcast export wagers?

As discussed above, if simulcast export wagers are included in a pari-mutuel facility's "play or total pool," as applied to section 557.0745(1), then there was no single permit holder with the smallest play or total pool for fiscal years 2012-2013

---

[5] We reject West Flagler's assertion that the Division's findings of fact regarding the accuracy of the amounts of the simulcast export wagers are not supported by competent substantial evidence.  In its recommended order, the ALJ sets forth the process of calculating the wager amounts and determined, specifically with regard to simulcast export wagers, that the Division relies on information reported to it by the totalizator (the "tote"), who is contracted by the permit holder to provide those numbers.  Those numbers are then audited by the Division to ensure that wagers are accounted for and paid.  There is competent substantial evidence in the record to support these findings and the determination that the amounts of the simulcast export wagers were accurate. We affirm without further discussion the other claims raised by West Flagler in this appeal.

and 2013-2014, no eligible permit to be converted, and West Flagler's First Application was properly denied.

West Flagler contends that pursuant to this court's precedent in South Florida Racing Association v. State, Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering, 201 So. 3d 57 (Fla. 3d DCA 2015), only live wagers and intertrack wagers should be included in the calculation of a permit holder's "play or total pool." It is true that in South Florida Racing this court held that both live wagers and intertrack wagers are to be included in the calculation of play or total pool. Significantly, however, the question of whether simulcast export wagers should also be included in that calculation was never raised, briefed or argued in South Florida Racing, and therefore was never considered by this court. Specifically, the issue in South Florida Racing was whether only live wagers should be included in the "smallest play or total pool" calculation, or whether, as South Florida Racing contended, both live wagers and intertrack wagers should be included.

The statute at issue here is the same statute that was at issue in South Florida Racing:

> The owner or operator of a pari-mutuel permit who is authorized by the division to conduct pari-mutuel pools on exhibition sports in any county having five or more such pari-mutuel permits and whose mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to filing an application under

8

this section <u>has had the smallest play or total pool</u> **within the county** may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton in such county during the summer season . . . .

§ 557.0745(1), Fla. Stat. (emphasis added).

However, in <u>South Florida Racing</u>, 201 So. 3d at 61, the pertinent portion of the statute this court was required to construe was "within the county," as the Division argued that only live wagers and wagers made at other tracks <u>within Miami-Dade County</u> should be calculated in determining who had the "smallest play or total pool." This court rejected that argument, holding that the "within the county" language limited which owners and operators (only those within Miami-Dade County) qualified to convert their permit, but did not limit which wagers (intra-county v. inter-county) should be counted in the calculation. Therefore, we held, even wagers placed outside Miami-Dade County (via intertrack wagers) should be included in the calculation of "smallest play or total pool." Because it was not presented as an issue to this court, however, <u>South Florida Racing</u> did not address or determine whether wagers placed outside the <u>State</u> (simulcast export wagers) must also be included calculation of which permit holder had the "smallest play or total pool."

We can discern nothing in the language of the statute which would require, for the purpose of calculating the smallest play or total pool under section 557.0745(1), drawing a distinction between intertrack wagers and simulcast export

wagers. As this court recognized in South Florida Racing, 201 So. 3d at 61, "[a]lthough 'total pool' is not statutorily defined, the term 'pari-mutuel wagering pool' is defined to mean 'the total amount wagered on a race or game for a single possible result,'" and "[n]othing in Chapter 550 of the Florida Statutes limits the total pool to solely physical in-county wagers." Id. Our determination in the instant case—that the statutory language includes simulcast export wagers—is consistent with our analysis in South Florida Racing, and the contrary construction proposed by West Flagler would conflict with the plain meaning of section 550.0745(1).[6]

Thus, because we conclude that simulcast export wagers are to be included in a calculation of the play or total pool, the ALJ correctly determined that West Flagler had the smallest total pool in 2012-13, and that SJAP had the smallest total

---

[6] West Flagler contends that, in construing section 550.0745(1), we should define the term "total pool" synonymously with the term "handle." The term "handle" is statutorily defined, and means "the aggregate contributions to pari-mutuel pools." § 550.3551(2)(b). Significant to West Flagler's argument, the "handle" does not include "any wagers accepted by an out-of-state pari-mutuel permitholder." Id. In support of its position, West Flagler argues that the First District, in West Flagler Associates, Ltd. v. Department of Business & Professional Regulation, 139 So. 3d 419, 421 (Fla. 1st DCA 2014), used "total pool" and "handle" interchangeably and thereby ascribed the same meaning to them. Though the First District's opinion in West Flagler Associates may have used the terms "total pool" and "handle" interchangeably in its opinion, the issue in that appeal did not involve the distinction between these two terms in construing "total pool" under section 550.0745(1), and such a short-hand description, utilized by our sister court for ease of reference, is neither dispositive of, nor even persuasive in, our consideration of the issue addressed in the instant appeal.

pool in 2013-14. Because no single permit holder had the smallest play or total pool for both of these fiscal periods, there was no available permit to convert and the First Application was therefore properly denied.

**Issue #2: Is an existing summer jai alai permit holder eligible to convert its summer jai alai permit to a "new" summer jai alai permit?**

The Second Application raises a separate issue, because the Division does not dispute that SJAP was the permit holder with the smallest play or total pool for fiscal years 2013-14 and 2014-15. Rather, the Division contends that SJAP was not eligible to convert its permit under section 550.0745(1) because SJAP's only permit is already a summer jai alai permit, and a summer jai alai permit cannot be "converted" to a summer jai alai permit. Therefore, because there is no permit holder who is eligible to convert its permit, no new permit was created, and West Flagler's Second Application was properly denied. We agree.

Again, section 550.0745(1) provides:

> The owner or operator of a pari-mutuel **permit who is authorized by the division to conduct pari-mutuel pools on exhibition sports** in any county having five or more such pari-mutuel permits and whose mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to filing an application under this section has had the smallest play or total pool within the county **may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton** in such county during the summer season commencing on May 1 and ending on November 30 of each year on such dates as may be selected by such permittee for the same number of days and performances

11

as are allowed and granted to winter jai alai frontons within such county. **If a permittee who is eligible under this section to convert a permit declines to convert, a new permit is hereby made available** in that permittee's county to conduct summer jai alai games as provided by this section, notwithstanding mileage and permit ratification requirements.

(Emphasis added.)

A plain reading of this language establishes that: (1) a new permit is only made available when a permit holder who is "eligible under this section to convert a permit declines to convert;" and (2) an eligible permit holder is one who "may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton;" and (3) the eligible permit holder may convert from a permit "to conduct pari-mutuel pools on exhibition sports" into a "permit to conduct a summer jai alai fronton."

 If the permit holder is <u>already</u> a summer jai alai permit holder, and only a summer jai alai permit holder, then clearly it cannot "convert" its summer jai alai permit to a summer jai alai permit, as there is nothing to "convert."  If the permit holder cannot convert its permit (because it is ineligible to do so), then under the statute, no new permit is available for which other permit holders (here, West Flagler) may apply.

We reject West Flagler's argument that, because a new summer jai alai permit would have allowed SJAP to relocate from its present fixed location, such a

change in the nature or character of the permit constitutes a "conversion" of its present summer jai alai permit to a "new" summer jai alai permit. We find nothing in the plain language of the statute that would support this construction urged by West Flagler.

Even if we were to conclude that this statutory language is subject to differing constructions, we are duty-bound to afford deference to the Division's construction:

> Administrative construction of a statute by an agency responsible for its administration is entitled to great weight and should not be overturned unless clearly erroneous. All Seasons Resorts, Inc. v. Division of Land Sales, Condominiums and Mobile Homes, 455 So.2d 544, 547 (Fla. 1st DCA 1984).

Shell Harbor Grp., Inc. v. Dep't of Bus. Reg., Div. of Alcoholic Beverages & Tobacco, 487 So. 2d 1141, 1142 (Fla. 1st DCA 1986). See also West Flagler, 139 So. 3d at 421 (holding that "an administrative construction of a statute given by those charged with its enforcement and interpretation is entitled to great weight, and the courts will not depart from such a construction unless it is clearly erroneous or unreasonable.") The Division's construction of the statute is neither unreasonable nor clearly erroneous.

## CONCLUSION

13

We hold that the Division properly construed and applied section 550.0745(1), Florida Statutes, and therefore affirm the Division's order denying both of West Flagler's applications for summer jai alai permits.

Affirmed.